J-S39033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :         PENNSYLVANIA
                                                   :
            v.                                     :
                                                   :
ANDY E. SHANK,                      :
                                                 :
          Appellant               :         No. 293 MDA 2018

Appeal from the Judgment of Sentence January 16, 2018
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0001522-2013

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED OCTOBER 25, 2018**

Andy E. Shank ("Shank") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

On May 16, 2014, Shank was sentenced to 60 months of probation after pleading guilty to possession with intent to deliver a controlled substance and driving while operating privilege suspended or revoked.[1]  As terms of his sentence, Shank had to complete drug and alcohol evaluation and treatment, submit to drug testing, and abide by a curfew between 11:00 p.m. and 7:00 a.m. for the first twelve months of probation.  In January 2017, Shank was stopped by the police in Harrisburg.  Shank refused to identify himself or roll down the vehicle windows, and was very derogatory toward the officers.  Ultimately, the police found a scale with drug residue, plastic baggies with

---

[1] 35 P.S. § 780-113(a)(3); 75 Pa.C.S.A. § 1543(a).

drug residue, and .22 caliber bullets in Shank's vehicle. Following this incident, Shank was charged and entered a guilty plea to various crimes. Dauphin County Probation then filed a revocation hearing request related to his May 16, 2014 probation sentence.

A revocation hearing was held on January 16, 2018, wherein Shank contested the violations of Rule 11 and Rule 13 of the terms of his probation.[2] The trial court found Shank to be in violation of his probation and sentenced him to 24-48 months in prison, with 8 months credit for time served and RRRI eligibility at 18 months. Shank filed a Petition to Modify the Sentence, which was denied. Shank filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Shank raises the following issue:

> The imposition of a probation violation sentence of 2 to 4 years incarceration for violating probation[] was clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Shank's] rehabilitative needs.

Brief for Appellant at 5.

Shank challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

---

[2] Rule 11 stated that Shank may not possess, use or have any contraband. Rule 13 stated that Shank must participate in 100 hours of community service; Shank had not completed this requirement.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005) (internal citations, quotations, and emphasis omitted).

Shank filed a timely Notice of Appeal, and preserved the challenge to the sentence in the Petition to Modify Sentence. Next, Shank's brief includes a Pa.R.A.P. 2119(f) Statement. Additionally, Shank's claim that the trial court imposed an excessive prison sentence without considering the details of his probation violations and certain mitigating factors raises a substantial question. *See Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that a substantial question is presented when a probation revocation sentence of total confinement is imposed as a result of a technical violation of probation); *see also Commonwealth v. Caldwell*, 117 A.3d

- 3 -

763, 770 (Pa. Super. 2015) (*en banc*) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citations omitted). Thus, we will address Shank's sentencing claims.

Shank argues that the sentence was manifestly excessive and constitutes an abuse of discretion because it was not consistent with the protection of the public, the gravity of the offense, or Shank's rehabilitative needs. Brief for Appellant at 13. Shank contends that he was not charged with a violent crime, but rather a drug-related offense. *Id.* at 17; *see also id.* (claiming that all of his violations were minor in nature). Shank asserts that his violations did not warrant a state prison term. *Id.* at 16-17. Shank also points out he was employed; he had health problems; he obtained a GED; and he has a daughter. *Id.* at 17. Shank claims that his rehabilitative needs would be better served in the community, and thus his sentence should be vacated. *Id.*

The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Sierra*, 752 A.2d at 913. Upon review, we determine the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Gheen*, 688 A.2d

1206, 1207-08 (Pa. Super. 1997). When imposing a sentence of total confinement after a probation revocation, the sentencing court must consider the factors set forth in sections 9771(c) and 9721(b) of the Sentencing Code. *Ferguson*, 893 A.2d at 739; *see also* 42 Pa.C.S.A. § 9721(b) (providing that when determining an appropriate sentence, the court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant). Following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Here, the trial court took into account Shank's numerous probation violations, as well as the new crimes that Shank had committed. *See* N.T., 1/16/18, at 3 (wherein Shank's probation officer testified that Shank had numerous curfew violations, violations of drug rules, and failed to complete community service hours); *see also* Trial Court Opinion, 2/22/18, at 3-4 (noting that Shank failed to make regular payments on his over $4,000.00 balance). The trial court additionally considered the probation officer's recommendation and Shank's rehabilitative potential, and determined that Shank "is likely to commit another crime if not imprisoned[,] and the sentence imposed is essential to vindicate the authority of the court." Trial Court

Opinion, 2/22/18, at 4; ***see also*** N.T., 1/16/18, at 2-3 (wherein police officer testimony established that Shank was very derogatory to officers and wouldn't cooperate when he was instructed to roll down his window and step outside of the vehicle).

Thus, we conclude that the trial court did not abuse its discretion in imposing a sentence of total confinement, which we conclude is not excessive. ***See Sierra***, 752 A.2d at 915 (holding that the sentencing court's imposition of a prison sentence following a probation violation was not an abuse of discretion, since the sentence was based upon the judge's in-depth knowledge of the individual, a finding that probation was not effective in rehabilitating the defendant, and that a further prison term was appropriate); ***see also Commonwealth v. Cappellini***, 690 A.2d 1220, 1226-28 (Pa. Super. 1997) (holding that the trial court did not abuse its discretion in revoking defendant's probation and imposing a sentence of total confinement where he violated the conditions of his probation requiring him to participate in drug and alcohol treatment and testing, and to refrain from contact with drug offenders, which evidenced his inability to reform).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2018